UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
RICHARD D. MEDINA,

                                    Petitioner,

     -v.-                                                9:07-CV-1038
                                                                  (GLS)(DRH)

J. BERBARY, Superintendent, Collins Correctional
Facility; NEW YORK STATE DIVISION OF PAROLE,
Executive Dept.,

                                    Respondents.
--------------------------------------------------------------------------

APPEARANCES:

RICHARD D. MEDINA
Petitioner, *pro se*
04-A-5059
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034

GARY L. SHARPE, U.S. DISTRICT JUDGE

# ORDER

The Clerk has sent to the Court an amended petition for a writ of habeas corpus brought by petitioner Richard Medina pursuant to 28 U.S.C. § 2254. This petition was filed in accordance with this Court's Order dated November 20, 2007. Petitioner has paid the filing fee in this action.

**A.    BACKGROUND.**

The November Order found that:

It is not clear that Medina has exhausted his state court remedies. Until petitioner presents the Court with sufficient information to show that his claims were exhausted in state court, this petition may not be permitted to proceed. In order for this Court to determine whether the petition is fully exhausted, and timely, it is necessary for the petitioner to provide the Court with information relevant to all appeals he has taken from the

>determination at issue, including, the dates when each appeal was filed
>and the Court it was filed in, the date each appeal was decided, the
>grounds raised in each appeal and the result of each such appeal.

Dkt. No. 3.

In his petition, Medina challenges a January 4, 2007 determination by a Division of Parole Administrative Law Judge that found petitioner in violation of the terms of his post-release supervision. The ALJ recommended that a twenty-five month hold be placed on petitioner. Dkt. No. 1, Exhibit D.

In his amended petition, Medina confirms that he received the Decision of the Administrative Law Judge, and the Division of Parole's Notice of Appeal form, but that he did not file an administrative appeal from the ALJ's decision. Dkt. No. 4. Petitioner states that he filed a state habeas proceeding. According to the exhibits annexed to the original petition, that proceeding was concluded with a Decision and Judgment dated May 31, 2007. *See* Dkt. No. 1. Petitioner states that he took no appeal from the May 31, 2007 state court decision because he had "determined it would be 'futile'." Dkt. No. 4, paragraph 30. Petitioner filed this proceeding on October 2, 2007.

**B.   DISCUSSION**.

28 U.S.C. § 2254 provides, in salient part:

>(b) (1)   An application for a writ of habeas corpus on behalf of
>a person in custody pursuant to the judgment of a
>State court shall not be granted unless it appears that
>--
>
>(A)   the applicant <u>has exhausted the
>remedies available in the courts
>of the State</u>...

28 U.S.C. § 2254(b)(1)(A) (emphasis added). This statute "embodies the long-

established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state remedies." *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190 (2d Cir. 1982) (en banc).  The exhaustion doctrine provides that "a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim." *Id.* at 191 (citations omitted); *Thomas v. Scully*, 854 F.Supp. 944, 950 (E.D.N.Y. 1994) ("a federal court may not review the substantive merits of an applicant's claims for collateral relief unless 'the applicant has exhausted the remedies available in the courts of the State.'") (quoting *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).  This requirement that federal courts not exercise habeas review unless the state courts have first had an opportunity to consider and correct any violation of federal law "expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye*, 696 F.2d at 192 (citations omitted).  "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Id.* (footnote omitted).

Since petitioner is challenging revocation of his supervised release pursuant to N.Y. Exec. Law §259-i, the proper means to challenge such decision requires that "the inmate must first file an administrative appeal with the Division of Parole's Appeals Unit.  If that appeal is denied, he must seek relief in state court pursuant to Article 78." *Scales v. New York State Division of Parole*, 396 F.Supp.2d 423, 428 (S.D.N.Y. 2005).  Further, "[i]f the Article 78 petition is denied, the petitioner must appeal that denial to the 'highest state court capable of reviewing it'." *Id.*, *citing Cotto v. Herbert*, 331 F.3d 217,

237 (2d Cir. 2003); *see also O'Sullivan v. Boerckell,* 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

In the present case, petitioner has not exhausted the state court remedies available to him regarding the finding that he violated his post-release supervision, and the subsequent imposition of the 25 month hold. Therefore, the Court must dismiss the petition.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed, without prejudice, due to petitioner's failure to exhaust his state court remedies, and it is further

ORDERED, that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:       January 31, 2008

Gary L. Sharpe
U.S. District Judge