UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
RICHARD D. MEDINA,

                                        Petitioner,

      -v.-                                                                     9:07-CV-1038
                                                                             (GLS)(DRH)

J. BERBARY, Superintendent, Collins Correctional
Facility; NEW YORK STATE DIVISION OF PAROLE,
Executive Dept.,

                                        Respondents.
--------------------------------------------------------------------------

APPEARANCES:

RICHARD D. MEDINA
Petitioner, *pro se*
04-A-5059

GARY L. SHARPE, U.S. DISTRICT JUDGE

## ORDER

**I.**       **Background.**

      Richard Medina ("Medina" or "Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 with the Court on October 2, 2007.  Docket No. 1. This action was dismissed by Order of this Court filed February 1, 2008 ("February Order"). *See* Docket No. 5.  Medina has appealed from the February Order.  Docket No. 7.

      The Court notes that Medina has ***not*** filed a request for a Certificate of Appealability ("COA") as required by 28 U.S.C. § 2253(c)(1).  The Second Circuit has held, however, that a Notice of Appeal may be construed as a motion for a COA.  *See Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999) (citing *Hooper v. United States*, 112 F.3d 83, 88 (2d Cir. 1997)); *see also Forbes v. United States*, 1999 WL 1133362 (S.D.N.Y 1999) (court properly construed notice of appeal as COA and ruled

on same). Therefore, the Court will construe Medina's Notice of Appeal (Docket No. 7) as a request for a COA.

**II.     Certificate of Appealability.**

28 U.S.C. § 2253(c)(1) provides in relevant part:

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.

However, a COA may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

After reviewing the relevant portions of the file relating to this action, and for the reasons set forth in this Court's February Order, the Court finds that the Petitioner has failed to make such a showing herein. Therefore, the Court denies his request.

WHEREFORE, it is hereby

ORDERED, that this Court will construe Petitioner's Notice of Appeal (Docket No. 7) also as a request for a Certificate of Appealability, and it is further

ORDERED, that Petitioner's Application for a Certificate of Appealability (Docket No. 7) is denied for the reasons set forth above, and it is further

ORDERED, that the Clerk of the Court serve a copy of this Order upon the Petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: March 18, 2008

Gary L. Sharpe
U.S. District Judge